

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 19, 2017

**BY ELECTRONIC FILING**

Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Ojo v. United States et al.*
                      Civ. No. 16-CV-4112 (Brodie, J.) (Bloom, M.J.)

Dear Judge Bloom:

      This Office represents defendant United States of America and individual defendants Abdellah, Ferguson, Maldonado and Ross in this action, which *pro se* plaintiff Olakuyode David Ojo, a former federal prisoner, brought under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671 *et seq.*, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The undersigned Assistant United States Attorney writes to advise the Court regarding the status of this matter and, to the extent applicable, register defendants' intention to move to dismiss this action on the grounds discussed in the undersigned's December 16, 2016 pre-motion conference letter (*see* Dkt. No. 10), and for additional reasons arising from the filing of plaintiff's Amended Complaint on March 8, 2017 (Dkt. No. 26).

      On March 15, 2017, the Court issued an order directing the Clerk of Court to issue summonses for the newly named individual defendants and directing plaintiff to serve these defendants by June 6, 2017, barring which service, the Court would recommend that this matter be dismissed without prejudice. *See* Dkt. No. 27. The Court also stayed defendants' response to the Amended Complaint until all the newly named defendants were served, and noted that after service had been effected, the Court would schedule a status conference. *Id*. Although plaintiff filed affidavits of service on June 6, 2017 averring that he mailed copies of the summonses and Amended Complaint to defendants Ferguson, Maldonado and Ross[1] on April 28, 2017, May 25, 2017 and May 26, 2017, respectively (*see* Dkt. Nos. 30-32), plaintiff has not served any of the defendants pursuant to Fed. R. Civ. P. 4(e)(1), as required, and his time to do so has expired.

---

[1] Plaintiff also filed an affidavit of service averring that he mailed a copy of the summons and Amended Complaint to defendant Abdellah on an unspecified date, but he claims that the mailing was returned as unclaimed. *See* Dkt. No. 29. Thus, plaintiff also has failed to effect service on defendant Abdellah, and his time to do so has expired.

Specifically, in order to effect service on the individual federal officer defendants, plaintiff was required to make personal service upon them and simultaneously serve this Office and the United States Attorney General. *See* Fed. R. Civ. P. 4(e)(1), 4(i)(1), 4(i)(3); N.Y. Civ. Prac. L. & R. 308. Plaintiff has not personally served defendants nor has he served this Office or the Attorney General. Even if plaintiff had served this Office and the Attorney General, and mailed copies of the summonses and complaint to defendants in the manner his affidavits specify, service still would not properly have been effected. While New York law permits a plaintiff to serve a defendant alternatively by mail, it requires the plaintiff to serve with the summons and complaint two copies of a statement of service by mail and acknowledgment of receipt along with a postage prepaid envelope. *See* N.Y. Civ. Prac. L. & R. 312-a. Under these circumstances, only an acknowledgement of receipt signed by the defendant and mailed to the plaintiff constitutes proof of service. *See* N.Y. Civ. Prac. L. & R. 312-b. Because plaintiff's affidavits indicate that his attempts to serve the individual defendants were limited only to mailing the summonses and Amended Complaint to them, he has failed to effect proper service. Accordingly, the Amended Complaint should be dismissed without prejudice.

In the event the Court does not dismiss this action based on plaintiff's failure to serve the defendants within the timeframe ordered by the Court and required under the Federal Rules, defendants would request leave to proceed with their anticipated dispositive motion and would request that the Court schedule a pre-motion conference or in the alternative, set a briefing schedule for defendants' motion.

        Respectfully submitted,

        BRIDGET M. ROHDE
        Acting United States Attorney

By:   /s/ *Sean P. Greene*
      Sean P. Greene
      Assistant U.S. Attorney
      (718) 254-6484
      Sean.Greene@usdoj.gov

cc:    Olukayode David Ojo (by certified mail)
       Plaintiff *Pro Se*