UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
OLUKAYODE DAVID OJO,

                         Plaintiff,                    **ORDER**
                                                       16-CV-4112 (MKB) (LB)
                      v.

THE UNITED STATES OF AMERICA, JANE
DOE #1 *(said name(s) being fictitious, the intent of
Plaintiff being to Designate female Lieutenant
officer(s) involved or present at the Scene of the
incident and Other Correctional Officers
Unknown)*, MDC LIEUTENANT FRANK
MALDONADO, ERIC ABDELLAH, STEDMAN
FERGUSON, CLARENCE ROSS, and JOHN
DOES #1–4 *(said name(s) being fictitious, the
intent of the Plaintiff being to designate male
correctional officer(s) involved or present at the
scene of the incident, and "Other Correctional
Officers Unknown")*,

                        Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Olukayode David Ojo, proceeding *pro se*, commenced the above-captioned action against Defendants the United States of America, Jane Doe #1, Metropolitan Detention Center Lieutenant Frank Maldonado, Eric Abdellah, Stedman Ferguson, Clarence Ross, and John Does #1–4 on July 25, 2016. (Compl., Docket Entry No. 1.) Plaintiff asserts claims against the United States for false imprisonment, false arrest, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA"). (Am. Compl. ¶¶ 120–82, Docket Entry No. 26.) Plaintiff also asserts claims against Maldonado, Abdellah, Ferguson, Ross, John Does #1–4, and Jane Doe #1 for false arrest, false imprisonment, assault, battery,

failure to intervene, and violations of the First, Fifth, and Fourteenth Amendments, and seeks relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* ¶¶ 183–245.) On September 21, 2019, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (Defs. Mot. to Dismiss or for Summ. J. ("Defs. Mot."), Docket Entry No. 59.) On April 8, 2019, the Court referred Defendants' motion to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Apr. 8, 2019.)

By report and recommendation dated August 15, 2019 (the "R&R), Judge Bloom recommended that that the Court dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. (R&R, Docket Entry No. 75.) Judge Bloom concluded that any further amendment would be futile, and therefore recommended that the Court decline to allow Plaintiff to file a Second Amended Complaint. (*Id.* at 31 n.9.)

No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district

court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R for clear error. Finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1) and dismisses the Amended Complaint.

Dated: September 21, 2019
   Brooklyn, New York

                SO ORDERED:


                  s/ MKB
               MARGO K. BRODIE
               United States District Judge